# REVISED, August 1, 1997

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 96-31228

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN BOE

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana

July 11, 1997

Before KING, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

John Boe appeals the district court's denial of his post-conviction motion for reduction of sentence. For reasons that follow, we vacate and remand for resentencing.

### BACKGROUND

Appellant John Boe pleaded guilty to manufacturing marijuana within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860. In January 1992, the district court sentenced Boe to 80 months of imprisonment to be followed by 8 years of supervised release.

In January 1996, Boe moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be

reduced in light of a 1995 amendment to U.S.S.G. § 2D1.1 ("Amendment 516"). The district court denied the motion. Boe unsuccessfully moved for reconsideration, and he now appeals.

**DISCUSSION**

Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, see United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997), and it dictates that Amendment 516 is designated for retroactive application. See U.S.S.G. § 1B1.10(c).

Having determined that Amendment 516 may be applied retroactively, we note that the decision whether to reduce a sentence is left to the sound discretion of the trial court. Thus, we review for abuse of discretion only. See United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995). In exercising this discretion, the sentencing court is guided by U.S.S.G. § 1B1.10(b), which instructs the court to "consider the sentence that it would have imposed" had Amendment 516 been in effect at the time the defendant was originally sentenced. Further, 18 U.S.C. § 3582(c)(2) directs the sentencing court to consider the numerous factors set forth in 18 U.S.C. § 3553(a) when determining the defendant's sentence. See Whitebird, 55 F.3d at 1009 (listing certain of the applicable factors).

2

Amendment 516 had the effect of reducing Boe's net offense level from 28 to 20. Calculation of Boe's pre- and post-Amendment 516 imprisonment ranges is relatively straightforward. The applicable Guideline for the crime of manufacturing marijuana within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860, is U.S.S.G. § 2D1.2. That section sets the base offense level at "**2** plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location . . . ." U.S.S.G. § 2D1.2(a)(1). Section 2D1.1 contains the Drug Quantity Table, which ascertains the base offense level relative to the quantity of controlled substances manufactured by the defendant. In this case, Boe was convicted of manufacturing 574 marijuana plants. At the time of his sentencing--prior to Amendment 516--the notes to § 2D1.1 provided that each marijuana plant was equivalent to 1 kilogram of marijuana. The Drug Quantity Table provides that a crime involving 574 kilograms of marijuana has a base offense level of 28. See U.S.S.G. § 2D1.1(c)(6). In addition, the Presentence Report stated that Boe's offense level should be decreased by 2 points for acceptance of responsibility. Thus, at the time of his original sentencing, Boe's net offense level was 28 (2 from § 2D1.2, plus 28 from § 2D1.1, minus 2 for acceptance of responsibility). Finally, Boe's criminal history category was I. A net offense level of 28 and a criminal history category of I results in an imprisonment range of 78-97 months. See U.S.S.G. ch. 5, pt. A. The district court sentenced Boe to 80 months imprisonment, within the

appropriate range at the time of the original sentencing determination.

In 1995, however, the Sentencing Commission promulgated Amendment 516, which provides that, in offenses involving marijuana plants, the defendant's sentence should be based upon the greater of: (1) the actual weight of the usable marijuana, or (2) 100 grams per plant. See U.S.S.G. App. C, Amendment 516 (Nov. 1, 1995) (amending the notes and commentary to U.S.S.G. § 2D1.1). Because there is no evidence that the Government measured the actual weight of usable marijuana seized from Boe, each plant is equivalent to 100 grams of marijuana. As noted above, Boe manufactured 576 plants, and at 100 grams per plant, the quantity of drugs manufactured is equal to 57.6 kilograms. The Drug Quantity Table provides that 57.6 kilograms of marijuana carries a base offense level of 20. See U.S.S.G. § 2D1.1(c)(10). Thus, upon application of Amendment 516, Boe's net offense level is 20 (2 from § 2D1.2, plus 20 from § 2D1.1, minus 2 for acceptance of responsibility). A net offense level of 20 and a criminal history category of I yield an imprisonment range of 33-41 months. See U.S.S.G. ch. 5, pt. A.

There is, however, a statutory mandatory minimum sentence of 5 years (60 months) for the crime of manufacturing more than 100 plants of marijuana. See 21 U.S.C. § 841(b)(1)(B)(vii). The Guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the

guideline sentence."  U.S.S.G. § 5G1.1(b); see also United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996) (stating that Amendment 516 could not lower the defendant's sentence below the 60-month statutory mandatory minimum).  Based on the foregoing, Boe asserts that his sentence should be reduced from the 80-month sentence that he originally received to the 60-month mandatory minimum sentence.

The district court denied Boe's § 3582 motion for reduction of sentence and also his motion for reconsideration.  In denying Boe's motion for reconsideration, the court noted that 18 U.S.C. § 3553(b) permits departure from the applicable Guidelines range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission."  18 U.S.C. § 3553(b). In this case, the district court found that Boe's criminal history assessment did not adequately reflect the seriousness of his past criminal conduct, for Boe had been convicted of a drug crime in 1979 that did not result in the assessment of criminal history points because it did not occur within the applicable time period. See U.S.S.G. § 4A1.2(e).  The district court thus concluded that U.S.S.G. § 4A1.3 permits upward departure in such a situation, and held that the decision not to reduce Boe's sentence to 60 months was well within its authority.

There is, however, a serious flaw in the district court's reasoning.  As the court noted, the inclusion of the 1979 conviction in Boe's criminal history assessment would increase

Boe's criminal history category to II. Under the Guidelines, a net offense level of 20 and a criminal history category of II results in an imprisonment range of 37-46 months--well below the statutory mandatory minimum of 60 months and far below Boe's 80-month sentence. See U.S.S.G. ch. 5, pt. A. In fact, an 80-month term of imprisonment would correspond to a net offense level of 20 and a criminal history category of **VI**, see id., far higher than the criminal history category of II that the district court found to be applicable.

The district court's decision to depart upward, pursuant to § 4A1.3, to a sentence appropriate for a criminal history category of VI is directly at odds with our *en banc* decision in United States v. Lambert, 984 F.2d 658 (5th Cir. 1993). Although we recognized in Lambert that a district court may be justified in departing upward, pursuant to § 4A1.3, to a sentence that reflects a much higher criminal history category than the one seemingly applicable under the Guidelines, we held that:

> When making such a departure, the district court should consider each intermediate criminal history category before arriving at the sentence it settles upon; indeed, the court should state for the record that it has considered each intermediate adjustment. Further, it should explain why the criminal history category as calculated under the guidelines is inappropriate and why the category it chooses is appropriate.

Id. at 662-63. We cautioned that the district court need not mechanically discuss each intermediate criminal history category, for in most cases the district court's reasons for rejecting the intermediate categories "will clearly be implicit." See id. at 663.

6

Contrary to the teaching of Lambert, however, the district court did not explicitly state why it rejected the intermediate categories and sentenced Boe commensurate with a criminal history category of VI, and it is not implicit from the court's order or the record as a whole why it did so.  Indeed, the court itself specifically stated that Boe was deserving of a criminal history category of II, far below that of VI.  We therefore cannot discern why the district court refused to reduce Boe's current 80-month sentence to the 60-month statutory minimum.  In such a situation, we have no choice but to vacate the district court's sentencing decision and remand for resentencing.

We note that if the district court is unable or unwilling on remand to justify use of a criminal history category of VI, Appellant has served the statutory minimum sentence and is eligible for immediate release.  We, therefore, shorten the delay for application for rehearing to one week and order our mandate issued then if no rehearing is applied for.  We also urge the district court, in view of the peculiar circumstances of this case, to take it up as soon as possible on remand.

VACATED and REMANDED.