IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-10056
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

WANDA LAFAYE LEE,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:05-CR-16-ALL

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Wanda Lee, federal prisoner # 33841-177, appeals the denial of her 18
U.S.C. § 3582(c) motion to modify her 85-month sentence imposed following her

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

jury conviction of being a felon in possession of a firearm. The district court imposed sentence after enhancing Lee's offense level based on a determination that she possessed the firearm in connection with another felony offense, possession of crack cocaine.

The decision to reduce a sentence "is left to the sound discretion of the trial court." United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). This court reviews the decision on a § 3582(c)(2) motion only for abuse of discretion. Id.

Lee bases her motion on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. She argues that, as a result of United States v. Booker, 543 U.S. 220 (2005), and United States v. Kimbrough, 128 S. Ct. 558 (2007), the district court had the discretion to reduce her sentence, taking into account the disparity in the treatment of powder cocaine and crack cocaine under the sentencing guidelines.

A district court is authorized under 18 U.S.C. § 3582(b) to modify a previously imposed sentence in a limited number of circumstances. United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). One such circumstance is provided by § 3582(c)(2), which "permits a district court to reduce a term of imprisonment when it is based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." Boe, 117 F.3d at 831.

As the district court correctly determined, Lee was convicted of a violation of 18 U.S.C. § 922(g)(1) rather than of a crack cocaine offense. Her sentencing range was not "subsequently . . . lowered" by Amendment 706, as required to permit her to obtain a modification of her sentence under § 3582(c)(2). See Boe, 117 F.3d at 831; § 3582(c)(2).

To the extent that Lee contends that she is entitled to a modification pur-

suant to § 3582(c)(2) under Booker and Kimbrough, her argument is unavailing. Section 3582(c)(2) "only applies to retroactive guideline amendments." United States v. Shaw, 30 F. 3d 26, 29 (5th Cir. 1994).

Lee has failed to show that the district court abused its discretion in denying her § 3582(c)(2) motion. See Boe, 117 F.3d at 831. Accordingly, the judgment is AFFIRMED.