IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-20256
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODERICK ANTHONY RICE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-27-1

Before HIGGINBOTHAM, BARKSDALE and ELROD, Circuit Judges.

PER CURIAM:[*]

Roderick Anthony Rice, federal prisoner # 70997-079, pleaded guilty to conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence. Rice based his motion on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. See United States

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a § 3582 motion for abuse of discretion. United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

Rice has not shown that the district court abused its discretion in denying his motion to reduce his sentence. A reduction in Rice's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range of imprisonment, because the guidelines range was calculated under § 4B1.1. Because Rice's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, Rice was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. See § 3582(c)(2). To the extent that Rice argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in the light of United States v. Booker, 543 U.S. 220 (2005), the argument is unavailing because Booker was not "based on a retroactive amendment to the Guidelines." See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). The district court did not abuse its discretion in denying Rice's motion for a reduction of sentence.

AFFIRMED.