IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10359
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDRICK MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-78-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fredrick Moore, federal prisoner # 35475-177, pleaded guilty to one count of distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a § 3582 motion for abuse of discretion. United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

Moore based his motion on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)). Moore argues that the sentencing court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 and that in the light of Amendment 706, he was eligible for a reduction in his sentence.

Moore has not shown that the district court abused its discretion in denying his motion to reduce his sentence. A reduction in Moore's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range of imprisonment, because the guidelines range was calculated under § 4B1.1. Because Moore's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, Moore was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. See § 3582(c)(2). To the extent that Moore argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in the light of United States v. Booker, 543 U.S. 220 (2005), the argument is unavailing because Booker was not "based on a retroactive amendment to the Guidelines." See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). The district court did not abuse its discretion in denying Moore's motion for a reduction of sentence.

AFFIRMED.