**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50384
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIC DESHON BOLDEN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-171-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eric DeShon Bolden, federal prisoner # 28935-180, pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and money laundering, in violation of 18 U.S.C. § 1956. He was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Bolden appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disparity between crack cocaine and powder cocaine sentences. *See* U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C, amend. 706, pp. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under Section 3582(c)(2) is discretionary, and we review the denial of a Section 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Bolden argues that the district court abused its discretion when it denied his motion for a reduction of sentence. He argues that his sentence should be reduced under Amendment 706 because, though he was sentenced under U.S.S.G. § 4B1.1, which applies to career offenders, that sentence is no longer mandatory. Therefore, Bolden argues that he is free to have his sentence reduced after Amendment 706. He also argues that a mandatory application of the policy statements set forth in U.S.S.G. § 1B1.10 would violate the plain language of Section 3582(c)(2), the district court's obligation to consider the 18 U.S.C. § 3553(a) factors, and the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

Bolden has not shown that the district court abused its discretion in denying his motion for a reduction of sentence. Because Bolden's guideline range was derived from his status as a career offender and not the quantity of crack cocaine involved in the offense, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Further, to the extent Bolden argues that the district court had the discretion to reduce his sentence under Section 3582(c)(2) in light

2

of *Booker*, the argument is unavailing because *Booker* was not "based on a retroactive amendment to the Guidelines." *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). The district court did not abuse its discretion in denying Bolden's motion for a reduction of sentence.

Bolden also argues that his original sentence was illegal because the district court enhanced his sentence based on the career offender provision of the Sentencing Guidelines without a jury determination or admission of the facts necessary for the enhancement. This argument is not relevant to an appeal from the denial of a motion for reduction of sentence pursuant to Section 3582(c)(2) and will not be addressed.

AFFIRMED.