**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10393
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUSTY WAYNE ROBERTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CR-18-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rusty Wayne Roberts, federal prisoner # 32715-177, was convicted of possessing with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a), and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, seeking a two-level sentencing reduction based on the retroactive Amendment 706 to the crack cocaine guidelines. The district

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

court denied the motion on the ground that Roberts' offense of conviction did not involve, and his sentence was not based upon, crack cocaine. We review the district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Roberts renews his argument that he was entitled to a sentencing reduction based on the retroactive crack cocaine amendments, asserting that his sentence was based on crack cocaine. Although the presentence report (PSR) indicates that Roberts' offense level was initially calculated based upon quantities of numerous drugs, including crack cocaine, the Addendum to the PSR recalculated his offense level based solely on methamphetamine and powder cocaine, and the sentence imposed was based only on quantities of those drugs. As the district court correctly determined, because Roberts' guidelines range was not derived from a quantity of crack cocaine, he was not "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." *See* § 3582(c)(2). Roberts' claim that the district court had the discretion to reduce his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), and his post conviction rehabilitative efforts is not cognizable in a § 3582(c)(2) motion. *See* § 3582(c)(2); *see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) ("[Section 3582(c)(2)] only applies to retroactive guideline amendments."). Roberts' argument that the sentence imposed is unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors is similarly not properly brought in this appeal from the denial of a § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Accordingly, the district court's judgment is affirmed. Roberts' motion for the production of the sentencing transcript at Government expense is denied as moot because the district court already granted it.

AFFIRMED; MOTION DENIED AS MOOT.