**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-10650
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SIDNEY LEUDEO CAICEDO, also known as Aron Borrero

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-206-2

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sidney Leudeo Caicedo, federal prisoner # 79331-079, was convicted of conspiracy to possess with the intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, which seeks a two-level sentencing reduction based on the retroactive Amendment 706 to the crack cocaine guidelines. The district court denied the motion on the ground that Caicedo was held accountable only

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for powder cocaine. We review the district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Caicedo renews his argument that he was entitled to a sentencing reduction based on the retroactive crack cocaine amendments; he asserts that his original indictment and the offense conduct involved crack cocaine. Although the initial indictment alleged offenses involving both powder and crack cocaine, Caicedo pleaded guilty to a superseding indictment that alleged offenses involving only powder cocaine. The presentence report (PSR) also indicates that Caicedo's offense level was calculated based upon a quantity of cocaine, not crack cocaine. As the district court correctly determined, because Caicedo's guidelines range was not derived from a quantity of crack cocaine, he was not "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." *See* § 3582(c)(2). To the extent Caicedo challenges the validity of the superseding indictment, such a claim is not cognizable in a § 3582(c)(2) motion. *See* § 3582(c)(2); *United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.