**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60722
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUSSELL CASTON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-153-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Russell Caston, federal prisoner # 08816-043, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Caston filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 709 to the United States Sentencing Guidelines pertaining to the calculation of his criminal history score. He now moves to proceed in forma pauperis (IFP) to appeal the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Caston leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated in its order denying relief. By moving for leave to proceed IFP, Caston is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and this court reviews the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* § 1B1.10(a); *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated in § 1B1.10 that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission policy. *See* § 1B1.10, comment. (n.1(A)).

Caston has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.