**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-40835
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANNIE INGRAM

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:01-CR-31-4

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Dannie Ingram pleaded guilty in 2001 pursuant to a written plea agreement to one count of possession with intent to distribute and distribution of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to a 198-month term of imprisonment. He appeals the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. We review the denial of a § 3582 motion for abuse of discretion.[1]

Ingram's argument that the district court should be able to exercise *Booker* discretion to resentence him rests on the false premise that § 3582 applies to his situation at all. "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon *a sentencing range that has subsequently been lowered by an amendment to the Guidelines*, if such a reduction is consistent with the policy statements issued by the Sentencing Commission."[2] This statute clearly is inapplicable to Ingram, whose sentencing range has not subsequently been lowered by Guidelines amendment. Amendment 706 reduced the base offense levels set forth in U.S.S.G. § 2D1.1(c) applicable to most crack cocaine offenses.[3] But a reduction in Ingram's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range because the range was calculated under § 4B1.1, the career offender guideline. Because Ingram's guidelines range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission.[4]

The district court did not abuse its discretion in denying Ingram's motion for a reduction of sentence. Its judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED as moot.

---

[1] *U.S. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

[2] *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (emphasis added).

[3] *See U.S. v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008).

[4] *See* § 3582(c)(2).