**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60657
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES R BROWN, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-57-2

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

James R. Brown, Jr., federal prisoner # 04437-043, pleaded guilty to conspiracy to possess with the intent to distribute crack cocaine. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a § 3582 motion for an abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Amendment 706 modified the guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. *See* U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706. However, the base offense level for offenses involving 4.5 kilograms or more of crack cocaine remained unchanged. *See* § 2D1.1.

The district court's refusal to reduce Brown's sentence based on an inapplicable amendment to the Guidelines was not an abuse of discretion. To the extent that Brown argues that the district court improperly treated the Guidelines as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005), we do not reach this argument because Brown was not eligible for a sentence reduction pursuant to § 3582(c)(2).

AFFIRMED.