**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-10949
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DERICK DEVUN HAYNES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-372-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Derick Devun Haynes, federal prisoner # 31338-177, pleaded guilty to possession of cocaine base with intent to distribute and aiding and abetting and carrying and possessing a firearm in furtherance of drug trafficking and aiding and abetting. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence. Haynes based his motion on the United States Sentencing Commission's adoption of Amendment 706, which modified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Haynes has not shown that the district court abused its discretion in denying his motion to reduce his sentence. A reduction in Haynes's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guidelines range of imprisonment, because the guidelines range was calculated under U.S.S.G. § 4B1.1. Because Haynes's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, Haynes was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). To the extent that Haynes argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in the light of *United States v. Booker*, 543 U.S. 220 (2005), the argument is unavailing because *Booker* did not involve a retroactive amendment to the Guidelines. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). The district court did not abuse its discretion in denying Haynes's motion for a reduction of sentence.

AFFIRMED.