**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10720
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEVE EDWARDS, also known as Frown,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-71-9

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ceve Edwards, federal prisoner # 28703-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon Amendment 706 to the Guidelines, which lowered the sentencing ranges for offenses involving crack cocaine. Edwards is serving a 240-month sentence for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Edwards argues that the district court erred in denying his § 3582(c)(2) motion because it gave no reasons for its denial, because the "record is ambiguous as to whether" the district court understood its discretion to impose a two-level reduction to his offense level based upon Amendment 706, and because he was entitled to a two-level reduction to his offense level based upon Amendment 706. He also argues that the trial court violated the Speedy Trial Act, that his trial counsel was ineffective for failing to move to dismiss his indictment on that basis, that the trial court improperly calculated the drug quantity, that the trial court treated the Guidelines as mandatory, that the trial court failed to consider the 18 U.S.C. § 3553(a) factors, and that the trial court failed to adequately explain the sentence imposed.

Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). We review the denial of a § 3582 motion for abuse of discretion. *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

The record confirms that Edwards's offense level was not based in whole or in part on cocaine base. Rather, his offense level was based upon his sale of 20 kilograms of cocaine. Amendment 706 is therefore of no benefit to Edwards. *See* § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1(A)). Thus, the district court did not abuse its discretion in denying Edwards's § 3582(c)(2) motion. *See Boe*, 117 F.3d at 831.

Edwards's remaining claims are raised for the first time on appeal and are therefore reviewed for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). There is no plain error as those claims are not based on a retroactive amendment to the Guidelines, and, thus, are not cognizable in a § 3582(c)(2) motion. *See United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994). The district court's judgment is AFFIRMED.