**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-51062
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY CORRAL DAVIS, also known as T David, also known as Pinto, also known as Tony Pinto, also known as Pretty Pinto

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-247

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tony Corral Davis, federal prisoner # 40263-080, pleaded guilty to a single count of distribution of crack cocaine and was sentenced to 151 months of imprisonment. He moves to proceed in forma pauperis (IFP) to appeal the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP, Davis is challenging the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).  The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and this court reviews the denial of a § 3582 motion for abuse of discretion.  *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Because Davis's guidelines range of imprisonment was based on the career offender guideline rather than the quantity of crack cocaine involved in the offense, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).  The district court did not abuse its discretion in denying Davis's motion for a reduction of sentence.

Davis has not shown that the district court's determination that his appeal would be frivolous was incorrect.  Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24.  Because his appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.