**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-11209
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RONALD JEROME FISHER, also known as La Ron

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-10-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Jerome Fisher, federal prisoner # 20604-077, was convicted of various drug offenses, money laundering, and using and carrying a firearm during and in relation to a drug-trafficking crime. As a three-time felony drug offender, Fisher was sentenced to a mandatory term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A).

Fisher appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 706 that modified the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing ranges applicable to crack cocaine offenses. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

This court reviews for an abuse of discretion the district court's decision whether to reduce a sentence under § 3582(c)(2). *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Because Fisher's life sentence was based on his status as a three-time felony drug offender, and not the amount of drugs involved, he was not "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." *See* § 3582(c)(2). Accordingly, under the plain language of § 3582(c)(2), a sentence reduction was not authorized and not consistent with the applicable policy statement. *See* U.S.S.G. § 1B1.10(a), p.s. Moreover, the district court could not have reduced Fisher's sentence below the mandatory term of life in prison. *See Kimbrough v. United States,* 128 S. Ct. 558, 574 (2007).

To the extent that Fisher challenges his status as a three-time felony drug offender on the basis that his prior state felony drug convictions used to enhance his sentence had been reclassified as misdemeanors, such a claim is not cognizable in a § 3582(c)(2) motion because it is not based on a retroactive amendment to the Guidelines. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

The district court's denial of Fisher's motion for a reduction of sentence was not an abuse of discretion, and the judgment is affirmed. *See Boe*, 117 F.3d at 831. Fisher's motion to file a supplemental brief is granted.

AFFIRMED; MOTION TO SUPPLEMENT GRANTED.