# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-31091
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY DEAN HARDNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-5-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bobby Dean Hardnett appeals the district court's denial of a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines lowering the sentencing range for offenses involving crack cocaine. We AFFIRM the district court's judgment.

Hardnett was originally sentenced to 97 months in prison, consisting of three concurrent 37-month terms for drug and firearms offenses (counts I, II,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and III), and a mandatory consecutive 60-month term for possession of a firearm in furtherance of a drug trafficking crime (count IV). Hardnett's guideline range for counts I, II and III was 70 to 87 months, but the court granted the Government's U.S.S.G. § 5K1.1 motion, which yielded a range of 37 to 46 months. If the amendment to the Sentencing Guidelines for crack offenses had been in effect at the time of Hardnett's sentencing, the guideline range would have been 57 to 71 months. A similar § 5K1.1 reduction to Hardnett's offense level would have further lowered the range to 30 to 37 months. Hardnett argues that the district court committed procedural error and abused its discretion by refusing to reduce his sentence by changing the counts I, II, and III terms to 30 months, instead of 37 months, which would have meant a reduced sentence of 90 months.

We review the denial of a § 3582 motion for abuse of discretion only. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). "[R]eductions under 18 U.S.C. § 3582(c)(2) are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). When a sentencing range has been lowered by the Sentencing Commission, the district court may reduce a previously imposed term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The Guideline policy statements provide that the district court "shall determine the amended guideline range that would have been applicable to the defendant" had the amended guideline been in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). The court substitutes only the amended guideline provision and leaves all other guideline application decisions unaffected. *Id.* The policy statements further provide that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the

guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

Here, the probation office's report correctly advised the district court that Hardnett's amended guideline range would have been 57 to 71 months had the crack offense amendment been in effect at the time of Hardnett's sentencing. The district court also properly noted that Hardnett's original term of imprisonment was lower than the guideline range at the time of sentencing because of the § 5K1.1 motion. Hardnett argues that under § 1B1.10(b)(2)(B) a "reduction comparably less than the amended guideline range" required the district court to lower his sentence to 30 months, and he cites the example of a comparably lower sentence in the guideline commentary. *See* § 1B1.10, cmt. n.3. But § 1B1.10(b)(2)(B) is itself discretionary, stating only that a comparable reduction "*may* be appropriate." § 1B1.10(b)(2)(B) (emphasis added). Furthermore, the district court applied the same § 5K1.1 reduction to the amended guideline range that had been applied to the original guideline range. This resulted in a range of 30 to 37 months, and the court determined that Hardnett's sentence did not warrant a further reduction. We see no reversible error.

As part of its decision, the district court is required to consider the sentencing factors of § 3553(a). *See* § 3582(c). The court also "shall consider" any public safety concern that a reduction may pose and "may consider" any post-sentencing behavior by the defendant. § 1B1.10, cmt. n.1(B)(ii), (iii). Here, the district court expressly noted its consideration of "public protection" and the "totality of circumstances." The court considered Hardnett's extensive criminal history, as evident by his criminal history category V, and the fact that he had been sanctioned with the loss of good time for assaultive behavior while in

prison. We conclude that the district court did not abuse its discretion by denying Hardnett relief. We also conclude that the district court did not erroneously fail to hold an evidentiary hearing. Hardnett not only failed to object to the probation office's sentencing report, but he also never requested a hearing despite being advised of the procedure to do so under the district court's plan for considering cases affected by the retroactive cocaine base guideline amendment.

Because we conclude that Hardnett cannot prevail on the merits of his claim, we need not reach the Government's contention that Hardnett's appeal is barred by an appeal waiver in his plea agreement.

AFFIRMED.