**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-41303
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL ANTHONY CORBIN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-127-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Corbin appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon Amendment 706 to the Guidelines, which lowered the sentencing ranges for offenses involving crack cocaine. Corbin is serving a 70-month sentence following his guilty plea to conspiracy to distribute and possess with intent to distribute less than 500

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grams of cocaine hydrochloride and possession with the intent to distribute more than five grams but less than 50 grams of cocaine base.

Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). We review the denial of a § 3582 motion for abuse of discretion. *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Corbin contends that because his sentence was derived from the amount of crack cocaine involved, he was eligible for the two-level reduction in his base offense level. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time within which to file a brief.

Converting all of the drugs that Corbin was found responsible for, save the crack cocaine, yields a marijuana equivalency of 114.48 kilograms. *See* U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)(II)). This amount results in the same base offense level as Corbin's original base offense level, which was 26. *See* § 2D1.1(c)(7) (a level 26 applies to amounts of more than 100 kilograms but less than 400 kilograms of marijuana). After deducting three levels for Corbin's acceptance of responsibility, the amended total offense level is the same as the original total offense level, 23. With a criminal history category of IV, Corbin's amended guidelines range remains 70 to 87 months in prison. Because Corbin's offense level and his guidelines sentence range were not lowered by Amendment 706, he was not eligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(a)(2)(B). *See Gonzalez-Balderas*, 105 F.3d at 982.

To the extent that Corbin challenges the original drug quantity calculation and the use of the drug conversion tables, these challenges are not cognizable under § 3582(c)(2) because they are not based on a retroactive amendment to the Guidelines. *See United States v. Shaw* , 30 F.3d 26, 29 (5th Cir. 1994).

Corbin also argues that the district court had the authority in light of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny to reduce his sentence notwithstanding the contrary policy statement set out in § 1B1.10. We recently rejected materially indistinguishable arguments in *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir. 2009), *petition for cert. filed* (Sept. 21, 2009) (No. 09-6657).

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.