# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

Charles R. Fulbruge III
Clerk

No. 09-10329
c/w No. 09-10506
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WANDA LAFAYE LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-383
USDC No. 4:05-CR-16-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wanda Lafaye Lee, federal prisoner # 33841-177, moves for a certificate of appealability (COA to appeal the district court's dismissal of her motion under Rule 60(b) of the Federal Rules of Civil Procedure as an unauthorized second or successive 28 U.S.C. § 2255 motion. Lee also appeals the district court's denial of relief on her motion to "revisit" the criminal judgment sentencing her to an 85-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month term of imprisonment following her jury trial conviction on one count of being a felon in possession of a firearm. We exercise our authority to consolidate the appeals. See United States v. Rodriguez, 564 F.3d 735, 737 (5th Cir. 2009); FED. R. APP. P. 3(b)(2).

To obtain a COA in No. 09-10329, Lee must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as here, the district court's denial of federal habeas relief is based on procedural grounds without analysis of the underlying claims, a COA should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

In her Rule 60(b) motion, Lee claimed that her trial and appellate counsel rendered ineffective assistance with respect to an enhancement for possessing a firearm in connection with another felony offense. In support of those claims, she argues in her COA motion that the enhancement was improperly applied. Lee, who has previously unsuccessfully sought relief under § 2255, does not challenge the district court's determination that her Rule 60(b) motion was an unauthorized successive § 2255 motion. Lee has not shown that reasonable jurists would debate the correctness of the district court's dismissal of her motion under Rule 60(b) as an unauthorized second or successive § 2255 motion. See Slack, 529 U.S. at 484. Accordingly, a COA is denied in No. 09-10329.

Lee contends in No. 09-10506 that the enhancement for possessing a firearm in connection with another felony offense was improperly applied. The jurisdictional basis for Lee's motion to "revisit" her criminal sentencing is unclear; however, the motion, which relied on Amendment 691 to the Sentencing Guideliens, is akin to a motion under 18 U.S.C. § 3582(c), which permits the

discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997).

Section 3582(c)(2) only applies to retroactive guideline amendments. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). Amendment 691 is not among the amendments that is subject to retroactive application, and therefore Lee's challenge to the validity of the enhancement does not entitle her to relief under § 3582(c)(2) because it is not based on a retroactive amendment to the Guidelines. See U.S.S.G. § 1B1.10(c); Shaw, 30 F.3d at 29. The district court did not abuse its discretion in denying relief. See United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). Accordingly, the judgment of the district court in No. 09-10506 is affirmed.

CONSOLIDATE NO. 09-10329 WITH NO. 09-10506; COA DENIED IN NO. 09-10329; JUDGMENT AFFIRMED IN NO. 09-10506.