# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2010

No. 08-30697
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE L HUTCHINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-153-1

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Eugene L. Hutchinson, federal prisoner # 29466-034, appeals the district court's order granting his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of the recent amendments to the crack cocaine guidelines. Hutchinson was sentenced originally to a 190-month term of imprisonment, in the middle of the guidelines imprisonment range. Hutchinson contends that the district court abused its discretion in resentencing him to a 175-month term of imprisonment, at the top of the amended guidelines imprisonment range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hutchinson argues that the district court failed to consider that the recent amendments to the crack cocaine guidelines were only a partial remedy of an unwarranted disparity in sentencing between crack cocaine and powder cocaine offenses. Hutchinson complains that the district court did not give reasons for its sentence. Hutchinson suggests that he has been infraction-free in prison and that he has demonstrated his commitment to rehabilitation by completing drug education and other courses.

In *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939), this court held that a district court may summarily grant or deny a § 3582(c)(2) motion without providing reasons. This court rejected Evans's contention that the district court had abused its discretion in failing to reduce his sentence more, in light of his rehabilitative efforts in prison. *Id.* at 673. The court reasoned that the district court, "which was under no obligation to reduce Evans's sentence at all, was under no obligation to reduce it even further within the recalculated range." *Id.* (footnote omitted). This court found the district court's conclusion "understandable" in light of Evans's extensive criminal history. *Id.* at 673 & n.11.

The record reflects that Hutchinson was age 23 at the time of the instant offenses and that, by that time, he already had a substantial criminal history, with multiple drug offenses and batteries. Hutchinson was on parole at the time of the offense and the offense was committed less than two years following Hutchinson's release from custody related to a prior drug conviction. In imposing the original sentence, the district court noted Hutchinson's extensive criminal history. On this record, Hutchinson cannot show that the district court abused its discretion in imposing a sentence at the top of the amended guidelines range. *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The district court's order is AFFIRMED.

2