# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 09-30774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON ALEXANDER BOUTTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:97-CR-20034-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aaron Alexander Boutte, federal prisoner # 09562-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 324-month sentence he received following his guilty plea conviction for conspiracy to distribute and distribution of crack cocaine. Boutte contends that the district court's denial of his § 3582(c)(2) motion was error. Although he concedes that, because he was held accountable for more than 4.5 kilograms of crack cocaine, his guidelines range was unaffected by the retroactive crack cocaine

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30774

amendments, he nevertheless urges that *Booker v. United States,* 543 U.S. 220 (2005), *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Gall v. United States,* 552 U.S. 38 (2007)*,* should apply in § 3582(c)(2) proceedings, allowing district courts to impose sentences lower than the two-level adjustment contemplated by the crack cocaine amendments based on the factors set forth in 18 U.S.C. § 3553(a).

We review the district court's decision for an abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). As Boutte concedes, because his offense involved more than 4.5 kilograms of crack cocaine, the retroactive crack amendment does not lower his guidelines range, and the district court did not abuse its discretion in refusing to reduce his sentence. *See* § 3582(c)(2); U.S.S.G. §§ 1B1.10, comment. (n.1A) and 2D1.1. Moreover, the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010). Boutte's argument based on *Booker* and its progeny is therefore unavailing.

AFFIRMED.