# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-10569
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CECIL LUMONT BRADFORD, also known as C-Dog

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-280-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cecil Lumont Bradford, Texas prisoner # 30837-177, pleaded guilty to one count of possession of cocaine with intent to distribute and one count of felony possession of a firearm. He appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendments 706 and 711 of the Sentencing Guidelines, which lowered the applicable offense level for crack cocaine offenses. The district court held that, because Bradford's total offense level was calculated under U.S.S.G. § 4B1.1(b), and not U.S.S.G. § 2D1.1,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendments 706 and 711 did not lower his sentencing range, and therefore Bradford did not qualify for a sentence reduction.

Section 3582(c)(2) provides, in relevant part, that a district court "may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and this court reviews the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Bradford contends that the district impermissibly treated § 1B1.10 as mandatory. By doing so, Bradford argues, the district court failed to consider 18 U.S.C. § 3553(a) factors as required by § 3582(c)(2), and also violated *United States v. Booker,* 543 U.S. 220 (2005), and its progeny. In a closely related argument, Bradford asserts that the Sentencing Commission exceeded its statutory authority by imposing a mandatory sentencing scheme through § 1B1.10.

Each of these arguments fails because the district court's decision is supported by the plain language of 3582(c)(2). A reduction in Bradford's base offense level under § 2D1.1 pursuant to Amendments 706 and 711 would not affect his guideline range because the range was calculated under § 4B1.1. Because Bradford's guideline range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and a reduction is not permitted. § 3582(c)(2). Further, to the extent Bradford argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in light of *Booker*, the argument is unavailing because *Booker* was not "based on a retroactive amendment to the Guidelines." *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Bradford also argues that his career offender enhancement pursuant to § 4B1.1(b) was improper. As this contention does not relate to any Guideline amendment that has lowered Bradford's applicable guidelines range, § 3582 is not the appropriate vehicle to raise it. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994); *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (observing that 28 U.S.C. § 2255 "is the primary means of collaterally attacking a federal sentence").

Bradford has not repeated on appeal his argument that the district court was required to address his objections to his receipt of a firearm enhancement and to the composition of the cocaine at issue. Accordingly, he has abandoned this argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.") (internal quotation marks and citation omitted); *see also* FED. R. APP. P. 28(a)(9)(A) (appellant's argument must contain contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies).

The district court did not abuse its discretion by denying a sentence reduction. *See Boe*, 117 F.3d at 831. Accordingly, the judgment of the district court is AFFIRMED.