# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30897
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT D HARRELL

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-190-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert D. Harrell appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 168-month sentence, pursuant to 21 U.S.C. §§ 841(a)(1) and 846, for conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base. The motion was based upon Amendment 706 to the Sentencing Guidelines, which lowered the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ranges for offenses involving crack cocaine. The district court, in denying the motion, determined: Harrell's original 168-month sentence was within the amended guidelines range of 135-168 months; and it was appropriate, considering all sentencing factors.

Harrell maintains the district court arbitrarily denied his § 3582(c)(2) motion without regard to case-specific facts, such as his post-conviction rehabilitative conduct, or consideration of the factors in 18 U.S.C. § 3553(a). Harrell contends a "sentencing range overlap", by itself, cannot be used to justify the denial of a reduction. He claims that, if the district court believed he did not deserve a reduction, it should have cited case-specific reasons. (Because Harrell's claim fails, we need not reach whether this appeal is barred by his waiver of his right to appeal in his plea agreement.)

The denial of a § 3582 motion is reviewed for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Reductions under § 3582(c)(2) are not mandatory. *United States v. Doublin*, 572 F.3d 235, 2009 WL 1743661, at *3 (5th Cir. 22 June 2009). As noted *supra*, the district court, in its order denying Harrell's § 3582(c)(2) motion, stated: "The sentence imposed is within the amended guidelines range and is appropriate considering all sentencing factors." This statement demonstrates the district court calculated and considered the amended guidelines range and considered the § 3553 factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). Moreover, the Crack Amendment Eligibility Information Sheet shows the district court was aware of Harrell's non-violent, post-conviction rehabilitative conduct. Finally, there is no indication the court was under the mistaken impression that it could not reduce

Harrell's sentence further under § 3582(c)(2). *See United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994).

AFFIRMED.