# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 08-30624
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD COLEMAN, also known as Lil Edward,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-274-8

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward Coleman, federal prisoner # 28581-034, pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, a quantity of cocaine hydrochloride, 100 grams or more of heroin, and quantities of marijuana (count one). He also pleaded guilty to commission of violent crimes in aid of racketeering (count two). Coleman was sentenced to concurrent terms of 121 months in prison on each count.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coleman, represented here and below by the Federal Public Defender, appeals the district court's order denying his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the crack cocaine sentencing guidelines. In denying the motion, the district court noted that Coleman's original sentence was within the amended guidelines range and that no further reconsideration applied.

Coleman contends that the district court arbitrarily denied his § 3582(c)(2) motion without regard to case-specific facts, such as his postconviction rehabilitative conduct, or consideration of the factors in 18 U.S.C. § 3553(a). Coleman contends a sentencing range overlap, by itself, cannot be used to justify the denial of a reduction. As an initial matter, we reject the Government's assertion that Coleman waived the right to bring the instant appeal under the terms of his plea agreement. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

The denial of a § 3582 motion is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667 (5th Cir. 2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable factors under § 3553(a) and the applicable guideline policy statements. § 3582(c)(2). However, the sentencing court is not required to provide reasons for its denial of a § 3582(c)(2) motion or to expressly explain its consideration of the § 3553(a) factors. *Evans*, 587 F.3d at 673-74. If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Although the district court did not discuss the § 3553(a) factors expressly, the record reflects that it considered them. *See Evans*, 587 F.3d at 673. The

district court's decision denying the motion indicates that it understood that Coleman's original sentence was within the amended guidelines range and shows that the district court considered the amended guidelines range but determined that no reduction in sentence was warranted. Under these circumstances, the court gave due consideration to the motion to reduce sentence and implicitly considered the § 3553(a) factors. Moreover, the record reflects that the district court was made aware of Coleman's good conduct in prison, and there is no reason to believe that the district court believed erroneously that it could not reduce Coleman's sentence.[1] Accordingly, Coleman has not shown that the district court's denial of his motion was an abuse of discretion. *See Evans*, 587 F.3d at 673-74; *Whitebird*, 55 F.3d at 1010; *United States v. Harrell*, 341 Fed. Appx. 965, 2009 WL 2566998 (5th Cir. 2009).

AFFIRMED.

---

[1]In the report to the court from the committee consisting of a representative of the District Attorney's Office and a representative of the Federal Public Defender's Office, the court was advised of the original guideline range (121-151 months), the amended guideline range (97-121 months), that "Defendant is eligible for [section] 3582 sentence reduction" and of the fact that Coleman had no prison disciplinary record (and Coleman's motion to reduce likewise mentioned that and his completion of a drug abuse program in prison).

We also note that at the original sentencing the district court stated that "You [Coleman] had a history here of run-ins with the law. You were lucky your criminal history was only II as opposed to III. I have some question about that. It looks like to me Probation might have given you a little bit of a break with this criminal history II rather than III." The court also said at the original sentencing that the sentencing objectives of punishment and rehabilitation could be met by a 121 month sentence.