United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2007**

Charles R. Fulbruge III
Clerk

**OhIN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 06-30993
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DECARLOS BROOKS,

Defendant-

Appellant.

------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50074
------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Decarlos Brooks appeals the sentence imposed by the district court following his guilty-plea

conviction for conspiracy to distribute crack cocaine.  He argues that the district court's

determination of the amount of crack cocaine attributed to him was clearly erroneous because it was

not based on information having a sufficient indicia of reliability as required under the Sentencing

Guidelines.  He argues that the prior statements made by his supplier, Roderick Porter, to the

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court  has determined that  this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

probation office and Porter's testimony at the sentencing hearing were "so inconsistent, contradictory and potentially self-serving, that they should have been totally discounted by the district court" in determining his sentence.

The district court's calculation of the quantity of drugs involved in an offense is a factual determination that is entitled to considerable deference and will be reversed only if clearly erroneous. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* In making the finding of the quantity of drugs attributable to a defendant, the district court may consider any information that has sufficient indicia of reliability to support its probable accuracy. *Id.* at 247; U.S.S.G. § 6A1.3(a).

Brooks himself acknowledges that Porter's statements regarding the 125-gram amounts he sold to him were consistent throughout. Moreover, his arguments in support of his assertion that the statements were nevertheless unreliable are without merit. Porter's testimony regarding other amounts of crack cocaine that he sold to Brooks was not proven to be untrue, and any inconsistencies were not material to the district court's ultimate determination of the amount of crack cocaine that Brooks purchased from Porter. The district court was within its province in making a determination that Porter was credible with respect to the amounts supporting a base offense level of 38. *See United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000); *see also United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996). The district court did not clearly err in determining the amount of crack cocaine attributable to Brooks. *See Betancourt*, 422 F.3d at 246.

Further, Brooks has not shown reversible error in the district court's failure to resolve the alleged inconsistencies in that portion of Porter's testimony which had no effect on the determination that Brooks's base offense level was 38.

AFFIRMED.