# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

Lyle W. Cayce
Clerk

No. 09-30596
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELLUS QUECHEZ REYNOLDS, also known as Tittymoe,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20145-9

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marcellus Quechez Reynolds, now federal prisoner # 38960-179, has appealed the denial of his motions under 18 U.S.C. § 3582(c)(2) requesting a reduction of his sentence in light of recent amendments to the Sentencing Guidelines pertaining to cocaine base offenses. Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

517 (2009). Amendment 706 to the Sentencing Guidelines modified the guideline ranges applicable to cocaine base offenses to reduce the disparity between cocaine base and powder cocaine sentences. U.S.S.G. Supp. to App. C, Amend. 706; *Doublin*, 572 F.3d at 236.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence only where the defendant's sentencing range is actually lowered by the Sentencing Commission. *See* § 3582(c)(2). Because Reynolds was accountable for more than 4.5 kilograms of cocaine base, Amendment 706 did not change his guidelines sentence range. *See* Amend. 706.

"A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10, p.s. Thus, Reynolds was not entitled to have the district court recalculate his base offense level.

Because Reynolds is ineligible for relief, the district court's order is AFFIRMED. Reynolds's request in his brief for appointment of counsel for presentation of oral argument is DENIED.