# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

No. 09-31196
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DECARLOS BROOKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No.5:05-CR-50074-1

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Decarlos Brooks, federal prisoner # 12873-035, appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion and his motion for reconsideration of that denial. He argues the district court erred by denying him relief based on the original presentence report and its finding that he was accountable for 4.73 kilograms of crack cocaine.

Brooks' PSR determined that "[t]he most conservative amount of crack cocaine . . . [attributable to Brooks] in this offense equals 4,730.5 grams or 4.73

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of crack cocaine." At the September 11, 2006 sentencing hearing the court considered and expressly rejected the defense objection that this calculation was wrong, although it also correctly remarked that the same ultimate guideline range (135 to 168 months) would be produced by 1.51 kilograms of crack cocaine, as the district court expressly noted during the sentencing hearing. At the conclusion of the evidence and argument portion of the sentencing hearing, the district court stated:

> "In this particular instance, the Court is going to adopt the factual findings of the U.S. Probation Office as contained in the Presentence Report and any addendum.
> The Court has previously found that the calculated amounts in the Presentence Report with respect to the offense conduct with respect to the conspiracy are sufficiently borne out in fact through the testimony under oath by Mr. Porter, who was the supplier of Mr. Brooks."

The court then proceeded to sentence Brooks to 135 months' confinement followed by four years supervised release. In its September 15, 2006 written statement of reasons for sentencing, the court stated: "The court adopts the presentence investigation report without change." On Brooks' appeal, challenging his sentence and the amount of crack cocaine attributable to him, we affirmed. *United States v. Brooks*, No. 06-30993, 5th Circuit, May 9, 2007 (unpublished).

In February 2008, and again in April 2008, Brooks moved in the district court for reduction of his sentence under 18 U.S.C. § 3582(c)(2) on the basis of guideline amendment 706, effective November 1, 2007, which amended guidelines § 2D1.1(c)(1) & (2) as to increase the amount of crack cocaine which under that section produced a sentencing base offense level of 38 from 1.5 KG (as it was when Brooks was sentenced) to 4.5 KG, with 1.5KG now producing thereunder a base offense level of 36. Had the base offense level been 36, Brooks' guideline range would have been 108 to 135 months. The district court in 2009 denied the motion, noting that the probation office had advised "that the

total crack cocaine attributable to the Defendant . . . was 4.73 kilograms, which remains in the highest base offense level (38) established by the newly enacted guideline level for crack cocaine" and stating that "the Court finds that no reduction in sentence . . . [under] § 3582(b)(2) is authorized . . . as the Defendant's base offense level under the newly enacted guideline level for crack cocaine remains at 38." Brooks timely moved for reconsideration, which motion the district court denied in a December 2009 order, stating that the court at sentencing did specifically "uphold the calculated findings of the crack cocaine shown in the Presentence Report" which "specifically delineate[s] the quantity of crack cocaine attributable to . . . [Brooks] as 4.73 kilograms." The court noted that the "attempt to collaterally attack the factual basis underlying his original sentence is beyond the scope of . . . § 3582(c)," and it hence rejected Brooks' request for "a hearing to re-examine the exact amount of crack cocaine for which he should be held responsible." It stated:

> "The original finding of the Court that Defendant was responsible for 4.73 kilograms of crack cocaine remains undisturbed, and the base offense level (38) attributable to Defendant remains unchanged. As such, Defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)."

Brooks thereafter timely appealed.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a section 3582 motion for an abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Amendment 706 modified the guidelines' ranges applicable to crack cocaine offenses. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). However, where the defendant was held accountable for 4.5 kilograms or more of crack cocaine, Amendment 706 provides for no change in the guidelines'

sentencing range.  *See* Supp. to App. C, Amend. 706; § 2D1.1, comment. (n.10(D)(ii)(I)).  Accordingly, defendants who were held accountable for 4.5 kilograms or more of crack cocaine are ineligible for relief under section 3582(c)(2).  Since Brooks was found to be accountable for 4.73 kilograms of crack cocaine, his offense level remains unchanged by the Amendment. Further, a section 3582(c)(2) movant is not entitled to have the district court recalculate his base offense level.  *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (noting that a section 3582(c)(2) motion is not a challenge to the appropriateness of the original sentence); *see also United States v. Reynolds*, 2010 WL 1976573 (5th Cir. May 18, 2010) (unpublished); § 1B1.10(b)(1), p.s. (noting that a district court considering a reduction under section 3582(c)(2) "shall leave all other guideline application decisions unaffected.").  Thus, Brooks was not entitled to reconsideration of the finding that he was accountable for 4.73 kilograms of crack cocaine.  The district court did not abuse its discretion in denying Brooks's motion.  *Boe*, 117 F.3d at 831.

AFFIRMED.