**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

Lyle W. Cayce
Clerk

No. 09-60385
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAROLD DAMPER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CR-5-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold Damper, federal prisoner # 14313-112, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on the retroactive amendment to the crack cocaine Sentencing Guidelines. Damper was convicted of aiding and abetting the possession with intent to distribute crack cocaine. The district court denied Damper's § 3582(c)(2) motion because application of the crack cocaine amendments would not have changed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range since he was held accountable for 83.03 kilograms of cocaine base. The district court also denied Damper's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

The district court correctly determined that Damper was not eligible for a sentence reduction because application of the crack cocaine amendments would not have resulted in a change to Damper's sentence. *See* § 3582(c)(2). To the extent Damper seeks to challenge his original sentencing calculation, it is not cognizable in the context of a § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Accordingly, the district court did not abuse its discretion in denying Damper's motion to reduce his sentence. *See United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Given the forgoing, Damper has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.