# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KENNETH WADE BLAIR,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-20-5

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth Blair, federal prisoner # 83863-180, seeks to proceed *in forma*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") on appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on retroactive Amendment 782 to the Sentencing Guidelines. By seeking to proceed IFP, Blair is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Blair says the district court abused its discretion by denying his motion on account of his criminal history. He asserts that his criminal-history category overrepresented his history because his category was VI even though most of his convictions were misdemeanors committed when he was young. Citing *United States v. Boe*, 117 F.3d 830 (5th Cir. 1997), Blair maintains that the court abused its discretion by implicitly deciding that his criminal history was not of great importance when it sentenced him at the bottom of the guideline range at his initial sentencing and later explicitly ruled that his criminal history was the reason why he should not receive a sentence reduction. Blair contends that the court failed to consider the 18 U.S.C. § 3553(a) factors when denying his motion, and he avers that the court created an unwarranted disparity by granting reductions to other defendants with high criminal-history categories. Blair asserts that he should have received a reduction for his positive conduct while incarcerated.

The district court's implicit ruling that Blair was eligible for a reduction and its finding that the original sentence was within his new guideline range were correct. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010); U.S.S.G. § 2D1.1(c)(4); U.S.S.G., ch. 5, pt. A. The court had before it Blair's arguments in favor of a reduction; the original and reduced guideline ranges; the information on behavior in prison; and the information from the original sentencing, including his criminal history and the details of his offense. The court denied

the motion as a matter of discretion, specifically citing Blair's criminal history and implicitly invoking the § 3553(a) factors of protection of the public and the history of the defendant.

Although the court did not explicitly discuss the § 3553(a) factors, the arguments were presented to it, and "although it did not discuss them, we can assume that it considered them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (internal quotation marks and citation omitted). The court was not required to give a detailed explanation to deny Blair's motion. *See id.* at 674. Blair was not entitled to a sentence reduction just because he was eligible for one. *See id.* at 673.

Blair has not shown that the denial of his § 3582(c)(2) motion was an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). His reliance on *Boe* is misplaced: That case is distinguishable because it was based on an old version of U.S.S.G. § 1B1.10(b) that is no longer in effect and on the district court's failure there to explain adequately what the district court had determined to be an upward departure under the guidelines, factors that are not relevant here. *See Boe*, 117 F.3d at 831–33.

Blair's appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.